UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL JAMES McCLOUD,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:15-cv-882

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Movant Randall James McCloud's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court (ECF No. 1). For the reasons that follow, the motion will be denied.

## I.

On November 22, 2011, a grand jury indicted Movant for possessing a homemade .32 caliber machine gun in violation of 18 U.S.C. § 922(o), for possessing a machine gun not identified by a serial number in violation of 26 U.S.C. § 5861(i) and possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 921(a). On January 13, 2012, Movant pleaded guilty to the possession of ammunition count.

For purposes of sentencing, Movant's offense level was 31 and his criminal history category was VI. Movant's offense level included an enhancement due to Movant's prior convictions for violent felonies.

Based on his offense level and criminal history category, Movant's Guidelines range was 188 to 235 months' imprisonment. On May 11, 2012, Movant was sentenced to 188 months in prison.

On August 31, 2015, Movant filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Upon this Court's request (ECF No. 4), on November 24, 2015, the Government filed a response in opposition to Movant's motion. (ECF No. 5.) On January 8, 2016, Movant filed a Reply (ECF No. 6).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550–51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).

### III.

Movant brings this action in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court examined the "residual clause" of the Armed Career Criminal Act (ACCA). Under the ACCA, a defendant with "three or more earlier convictions for a 'serious drug offense' or a 'violent felony,'" is subject to a "prison term [of] a minimum of 15 years and a maximum of life." 135 S. Ct. at 2255. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as [the ACCA's] residual clause." *Johnson*, 135 S. Ct. at 2556. The Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. The decision in *Johnson* did not call into question the remainder of the ACCA apart from the residual clause. *Id.*

The Presentence Report lists at least three separate instances where Movant was convicted of breaking and entering a building with intent in violation of Mich. Comp. Laws § 750.110:

> (i) breaking and entering a building with intent on September 27, 1980;
> (ii) breaking and entering a pharmacy on October 13, 1986; and
> (iii) breaking and entering a building with intent on July 19, 2003.

(*United States v. McCloud*, No. 1:11-cr-322, Presentence Report, ECF No.16.)

Movant contends that, given the Court's decision in *Johnson*, he should be resentenced without the ACCA enhancement. Respondent argues that Movant's claim fails because Movant's classification as an armed career criminal did not rely on the residual clause.

The Court agrees that, apart from the residual clause, Movant still has three or more prior convictions for a violent felony under the ACCA.

In *Taylor v. United States,* 495 U.S. 575 (1990), the Court, in determining the meaning of the word "burglary" under § 924(a) of the ACCA, stated, "We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into remaining in, a building or structure with intent to commit a crime." *Id.* at 599. In *United States v. Simmons*, 329 F. App'x 629 (6th Cir. 2009), the Sixth Circuit stated, "The crime of breaking and entering a building in Michigan requires the element of having the intent to commit a felony or larceny. Mich. Comp. Laws § 750.110(1). Therefore, despite its label, breaking and entering a building has the basic elements of common law burglary and is therefore 'burglary' within the meaning of § 924(e)(2)(B)(ii)." *Id*. at 632 n.3. Burglary is a "violent felony" under the ACCA after *Johnson* because burglary is specifically listed under the ACCA apart from the residual clause.

Because Movant was convicted of at least three separate instances of breaking and entering a buiding in violation of Mich. Comp. Laws § 750.110, each of which is a "violent felony" under the ACCA, Movant properly received the sentence enhancement under the ACCA.

**IV.**

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

The Court must determine whether to grant a certificate of appealability. In order to obtain a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

A judgment and order will enter consistent with this Opinion.

Dated: May 2, 2016                         /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE